## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

|  |  |
|---|---|
| **UNITED STATES OF AMERICA,**<br>        **Plaintiff,**<br><br>**v.**<br><br>**RAYMOND EDWARDS**<br>      **and**<br>**RENATA EDWARDS,**<br>                 **Defendants.** | **Case No. 16-CR-20070--SRB** |

## MEMORANDUM AND ORDER

Recently, a Speedy Trial Act violation led this Court to dismiss without prejudice an indictment charging Defendants Raymond and Renata Edwards with conspiring to use and actually using counterfeit trademark labels and stickers to traffic "generic" computer batters and adapters as legitimate, while also allegedly manipulating the actual weight of packages shipped from their business to pay less-than-due postage.  With that dismissal in hand, Defendants now move the Court to order the Government to return various seized funds, personal papers, equipment, and inventory.  For the reasons explained below, the Court denies without prejudice Defendants' Motion for Return of Property (Doc. 233).

## I.    Background

Defendants Raymond and Renata Edwards, husband and wife, formerly owned, managed, and operated an online electronics business.  In July 2015, a roughly four-year investigation into Defendants and their business culminated in the Government obtaining and executing search and seizure warrants for certain of Defendants' bank accounts and property located at their business

and home.[1]  The seizure warrants, issued by United States Magistrate Judge Gerald L. Rushfelt, found probable cause that these items were subject to civil and criminal forfeiture.

Defendants were indicted one year later, in July 2016.  Since that time, a series of indictments have charged Defendants Raymond and Renata Edwards with no less than 27 violations of 18 U.S.C. § 2320(a) (the statute criminalizing trafficking in counterfeit goods), 15 violations of 18 U.S.C. § 1341 (the statute criminalizing mail fraud), and 2 related forfeiture allegations.[2]  Allegedly, Defendants used various companies, online seller accounts, and an inventory of thousands of trademark labels and stickers to sell an inventory of generally unmarked computer batteries and accessories as name-brand products.  Defendants also, allegedly, intentionally set the business' postage meters to underpay the amount of postage actually due for their parcels' actual weight and classification, causing an approximate loss to the United States Postal Service of $400,000.

Trial on these charges, however, failed to occur within the Speedy Trial Act's required 70-day period.[3]  On July 6, 2020, under 18 U.S.C. § 3162(a)(2), the Court dismissed the Government's indictment, specifically determining that dismissal should occur without prejudice as to possible reprosecution.[4]  Now, under Fed. R. Crim. P. 41(g), Defendants move for their property's return.

## II.   Legal Standard

Under Fed. R. Crim. P. 41(g), "[any] person aggrieved . . . by the deprivation of property may move for the property's return."  "The court must receive evidence on any factual issue necessary to decide the motion,"[5] "but only if the motion alleges facts that, if proved, would require

---

[1] *See generally* Case Nos. 15-MJ-8137, 15-MJ-8138, 15-MJ-8149, 15-MJ-8151, 15-MJ-8158, and 15-MJ-8162.
[2] *See generally* Docs. 1, 96, and 166.
[3] *See* 18 U.S.C. § 3161(c); Doc. 230 at 6–12.
[4] *See* Doc. 230 at 22–25.
[5] Fed. R. Crim. P. 41(g).

the grant of relief."[6]  If the court "grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings."[7]

"Whether a Rule 41(g) motion is filed pre-indictment or post-conviction, it remains an equitable remedy."[8]  As an equitable remedy, Rule 41(g) motions "should be undertaken with 'caution and restraint.'"[9]  A court should afford such equitable relief only if the movant shows "'irreparable harm and an inadequate remedy at law.'"[10]

Additionally, the timing of the motion determines who bears the burden to support or oppose the motion.  Ordinarily, a defendant-movant "must demonstrate that retention of the property by the government is unreasonable in order to prevail."[11]  Once criminal proceedings have terminated, however, "the person from whom the property was seized is presumed to have a right to its return, and the government must demonstrate that it has a legitimate reason to retain the property."[12]  Here, where Defendants move for their property's return after a without-prejudice dismissal but before the expiration of time permitted the Government to obtain a new indictment, they bear the burden to show that they are "aggrieved by an unreasonable retention of the property."[13]

## III.  Discussion

### A.  Equitable Jurisdiction

---

[6] *United States v. Chaudary,* No. 12-20123-CM, 2013 WL 3895285, at *1 n.1 (D. Kan. July 29, 2013) (quoting 3A Charles Alan Wright, Nancy J. King & Susan R Klein, Federal Practice & Procedure § 675 (3d ed. 2010)).

[7] Fed. R. Crim. P. 41(g).

[8]  *United States v. Bacon*, 900 F.3d 1234, 1237–38 (10th Cir. 2018).

[9] *Matter of Search of Kitty's East*, 905 F.2d 1367, 1370 (10th Cir. 1990) (quotation omitted).

[10] *United States v. Copeman*, 458 F.3d 1070, 1071 (10th Cir. 2006) (quotation omitted).

[11] *Matter of Search of Kitty's East*, 905 F.2d at 1375.

[12] *United States v. Clymore*, 245 F.3d 1195, 1201 (10th Cir. 2001) (quotation omitted).

[13]  *Matter of Search of Kitty's East*, 905 F.2d at 1375 (placing burden to support a preindictment Rule 41(g) motion on the movants); *see also United States v. Martinson*, 809 F.2d 1364, 1369 (9th Cir. 1986) ("When a motion for return of property is made before an indictment is filed . . . , the movant bears the burden"); *cf. United States v. Nelson*, 190 F. App'x 712, 714–15 (10th Cir. 2006) (placing burden on movant-defendant where motion filed while appeal pending).

As an initial matter, Defendants fail to make the required showing of irreparable harm. "[I]rreparable harm refers to circumstances in which a [Rule 41(g)] movant cannot wait for a legal remedy, thus justifying the court's equitable jurisdiction."[14]  For example, the postponement or denial of First Amendment rights or the invasion the attorney-client privilege constitutes irreparable injury.[15]  Defendants, however, assert only that they "would suffer irreparable injury if forced to wait until a future indictment . . . [and] trial" to obtain their property.[16]  But this conclusory assertion is underdeveloped.  And the threat of indictment and trial "does not establish irreparable injury."[17]

## B.  Reasonableness of Government's Retention

The lack of support for the exercise of this Court's equitable jurisdiction notwithstanding, Defendants fail to show that they are "aggrieved by an unreasonable retention of the[ir] property."[18]

Defendants seek the return of various specified items, which their motion organizes into four categories:

(1) funds seized from certain joint personal and business accounts;

(2) personal papers, consisting of various financial or legal documents;

(3) electronic equipment, consisting of: three laptops, a desktop, an iPad, a Samsung tablet, and a smartphone; and

(4) an inventory of computer equipment, consisting of: generic and branded computer batteries, power cables, charges, and speakers.[19]

---

[14] *Floyd v. United States*, 860 F.2d 999, 1006 (10th Cir. 1988) (edited to reflect current rule).
[15] *Matter of Search of Kitty's East*, 905 F.2d at 1371–72; *Matter of 636 S. 66th Terrace, Kansas City, Kan.*, 835 F. Supp. 1304, 1306 (D. Kan. 1993).
[16] Doc. 233 at 8.
[17] *Matter of Search of Kitty's East*, 905 F.2d at 1371 (quotation omitted).
[18] *Id.* at 1375.
[19] *See* Doc. 233-1 at 1.

Essentially, Defendants dispute these items evidentiary weight and argue the Government's claim to these items vanished when the Court granted their motion to dismiss the indictment: "As there are currently no pending actions, civil or criminal, against the defendants at this time, the government does not have any claim to the continued retention of any of these items."[20]

The Government, in contrast, generally argues that the items in its possession remain "evidence and contraband . . . subject to forfeiture" until the deadline to re-indict Defendants' expires.[21]   The Government has already returned Defendants' passports and citizenship documents.[22]  Defendants also do not deny that they received copies of the at-issue seized papers and images of their electronic equipment's content through previous discovery.[23]  As for the remaining originals of Defendants' papers, electronics, and inventory, the Government argues that, absent a stipulation from Defendants that will address foundational issues for the items' eventual use at future hearings and trial, prosecuting its case requires continued possession.   The Government additionally argues that the funds, equipment, and inventory constitute derivative contraband,[24] subject to forfeiture  as either "property used, or intended to be used," to traffic in counterfeit goods, labels, and stickers or as proceeds from such trafficking and mail fraud activities.[25]

---

[20] Doc. 233 at 1.

[21] Doc. 235 at 7.

[22] *See* Docs. 237 and 238.

[23] *See Matter of Search of Kitty's East*, 905 F.2d at 1376 ("[T]he government has returned copies of any business documents requested by [movant].  Under these circumstances we do not see how the government's retention of original documents aggrieves [movant].").

[24] *See United States v. Rodriguez-Aguirre*, 264 F.3d 1195, 1212–13 n.13 (10th Cir. 2001) (defining derivative contraband as "items which are not inherently unlawful but which may become unlawful because of the use to which they are put").

[25] *See* 18 U.S.C. § 2323 (authorizing criminal forfeiture of property or proceeds related to a § 2320 offense, under the procedures outlined in 21 U.S.C. 853); 21 U.S.C. § 853(f) (authorizing the seizure of property subject to criminal forfeiture, "[i]f the court determines that there is probable cause to believe that the property to be seized would, in the event of a conviction, be subject to forfeiture . . . ."); 28 U.S.C. § 2461(c) (enabling the Government to "include notice of [a civil or criminal] forfeiture in the indictment;" further, directing the court upon conviction to "order the forfeiture of the property as part of the sentence in the criminal case. . . .").

All things considered, the Government has the better argument.

The Government "is clearly permitted to seize evidence for use in investigations and trial."[26]  In fact, the Government "has a legitimate interest in maintaining control of property relevant to the prosecution and sentencing of a defendant until his criminal proceedings are final."[27]  That interest extends not only to evidence, but also contraband subject to forfeiture.[28] Though Defendants are presently under no indictment, their criminal proceedings are not yet final. The Court's without-prejudice dismissal carried with it the opportunity for the Government to seek a new indictment within six months of the Court's July 6, 2020 Order.[29]  Until the Government's opportunity to return a new indictment lapses, the status of the seized items remains the same as existed prior to the former indictments.  Stated otherwise, when the Court ordered the indictments dismissed without prejudice under the Speedy Trial Act, it returned the parties and Defendants' property to their preindictment positions.  So now, as they were at that time, (1) the papers, electronics, and inventory remain evidence still "needed in aid of a criminal prosecution;"[30] (2) the funds, electronics, and inventory remain potential contraband subject to forfeiture;[31] (3) and these items remain validly held by the Government under Judge Rushfelt's search and seizure orders, subject to the Government timely returning a new indictment with forfeiture allegations.[32]

---

[26] *United States v. Premises Known as 608 Taylor Ave., Apt. 302*, 584 F.2d 1297, 1302 (3rd Cir. 1978).

[27] *Nelson*, 190 F. App'x at 714–15.

[28] *See, e.g.*, *Clymore*, 245 F.3d at 1201 ("Generally, a [Rule 41(g)] motion is properly denied if . . . the property is contraband or subject to forfeiture or the government's need for the property as evidence continues." (edited to reflect current rule)).

[29] *See* Doc. 235 (applying 18 U.S.C. §§ 3288 and 3289); *c.f. Zedner v. United States*, 547 U.S. 489, 499 (2006) ("When an indictment is dismissed without prejudice, the prosecutor may of course seek—and in the great majority of cases will be able to obtain—a new indictment, for even if 'the period prescribed by the applicable statute of limitations has expired, a new indictment may be returned . . . within six calendar months of the date of dismissal.'").

[30] *Rodriguez-Aguirre*, 264 F.3d 1195 at 1213 ("Accordingly, it has been recognized that the non-contraband "property of [an] accused in a criminal case, seized by officers and used as evidence, . . . is generally returned to its rightful owner *when no longer needed in aid of a criminal prosecution.*" (emphasis added)).

[31] *See supra* note 25.

[32] The Court also notes that, assuming reindictment and forfeiture unavailable to the Government, equity still may quiet title in favor of the Government as to any contraband. *See Rodriguez-Aguirre*, 264 F.3d at 1185–86.  At this time, however, the Court need not reach that issue.

Because the Government maintains legitimate interests in retaining control over Defendants' seized items, the Court will not order the Government to return them before January 6, 2021—the Government's deadline for returning a new indictment.  Until that time, Defendants have no reasonable claim to the return of their property.[33]  Therefore, Defendants' motion is denied without prejudice.  That said, however, the Government may "effect a [d]e facto forfeiture" of Defendants' property by indefinitely retaining the seized property.[34]  If the Government fails to return a new indictment and continues to retain Defendants' property after January 6, 2021, Defendants may file another Rule 41(g) motion.

## III.  Conclusion

IT IS THEREFORE ORDERED that Defendants' Joint Motion for Return of Property (Doc. 233) is DENIED WITHOUT PREJUDICE.

**IT IS SO ORDERED**.

/s/ Stephen R. Bough
STEPHEN R. BOUGH
UNITED STATES DISTRICT JUDGE

Dated: August 26, 2020

---

[33] *Rodriguez-Aguirre*, 264 F.3d 1195 at 1213 ("Prior to [the conclusion of the government's criminal proceedings], the government arguably has the right to possess the property . . . and the defendant consequently has no reasonable expectation that it will be returned.").

[34] *Premises Known as 608 Taylor Ave., Apt. 302*, 584 F.2d at 1302.